# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF LOUISIANA
# MONROE DIVISION

| | | |
|---|---|---|
| **WILHENS NELSON** | * | **CIVIL ACTION NO. 05-2079** |
| **VERSUS** | * | **JUDGE JAMES** |
| **ALBERTO GONZALES, ET AL.** | * | **MAGISTRATE JUDGE HAYES** |

## REPORT AND RECOMMENDATION

Before the undersigned Magistrate Judge, on reference from the District Court, is a Petition for Writ of *Habeas Corpus* under 28 U.S.C. § 2241 (Document No. 1) filed by petitioner, Wilhens Nelson ("Nelson"). The Government opposes the petition. (Document No. 8) For reasons stated below, it is recommended that the petition be **DISMISSED without prejudice as premature, and, to the extent that it seeks review of the removal order, for lack of subject-matter jurisdiction.**

## BACKGROUND

On or about December 9, 1983, Nelson, a native of Haiti, first entered the United States at Miami, Florida. Between 1994 and 1995, Nelson completed and submitted an application for naturalization to the United States Bureau of Immigration and Customs Enforcement ("ICE"), formerly the Immigration and Naturalization Service. While Nelson claimed that he had been granted citizenship, the immigration court ultimately concluded that he had not.

On April 2002, Nelson was convicted in the United States District Court for the Southern District of Florida for conspiracy to distribute and attempt to possess five kilograms or more of cocaine, and was sentenced to forty-two (42) months imprisonment.

On September 14, 2004, ICE issued an immigration detainer to the prison in which Nelson was incarcerated, claiming that, pursuant to sections 237(a)(2)(A)(iii) and 237(a)(2)(B)(i) of the Immigration and Nationality Act, Nelson was removable based on his controlled substance

conviction and the fact that he was a native and citizen of Haiti. He was taken into custody by ICE on September 17, 2004, pending removal proceedings.

On February 8, 2005, an immigration judge ordered Nelson removed from the United States to his native Haiti, rejecting Nelson's argument that he was a United States citizen and therefore not subject to removal. Nelson timely appealed the removal order to the Board of Immigration Appeals ("BIA"), and on June 29, 2005, the BIA remanded the matter for further proceedings on Nelson's citizenship claim. On remand, an immigration judge again determined that Nelson was not a naturalized citizen. Nelson again appealed, and on January 6, 2006, the BIA affirmed the immigration judge's determination, rendering the immigration judge's order administratively final.

Nelson challenges his post-removal detention under the framework the United States Supreme Court established in *Zadvydas v. Davis*, 533 U.S. 678 (2001), claiming that the presumptively reasonable six-month detention period has expired and there is no significant likelihood of his removal in the reasonably foreseeable future.[1]

## LAW AND ANALYSIS

Title 8, section 1231(a)(1)(A), better known as the Immigration and Nationality Act, provides, "when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days (in this section referred to as the 'removal period')."

---

[1] Although Nelson's petition indicates only that he is challenging his post-removal order detention, he alludes several times in his accompanying brief to a challenge to ICE's determination that he is not a naturalized citizen. To the extent that Nelson seeks to appeal the ruling on his citizenship claim and challenges the propriety of ICE's removal order, this Court lacks jurisdiction. The Real ID Act of 2005, P.L. 109-13, 2005 HR 1268, 119 Stat. 231, enacted on May 11, 2005, divested the United States District Courts of jurisdiction over petitions for *habeas corpus* relief challenging final orders of removal. Instead, such appeals must be filed with the "appropriate court of appeals," which, in this case, is the Eleventh Circuit. *See* INA, § 242(b)(2), 6 U.S.C. § 1252(b)(2).

8 U.S.C. § 1231(a)(1)(A). The 90-day removal period is to begin:

> on the latest of the following: (i) The date the order of removal becomes administratively final; (ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order; (iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

8 U.S.C. § 1231(a)(1)(B). Put another way, for aliens who are not serving criminal sentences, the "removal period" begins on the later of either the date on which the order of removal becomes administratively final, or the date of the final order of a reviewing court. *In re Soliman*, 134 F.Supp. 2d 1238, 1246. Furthermore, once the removal period begins, it can be suspended and extended if the alien thwarts or hinders the removal process, including the filing of challenges to a removal order in court. 8 U.S.C. § 1231(a)(1)(C); *Akinwale v. Ashcroft*, 287 F.3d 1050, 1052, n.4 (11th Cir. 2002) (judicial stay resulting from aliens challenge to removal order suspends the removal period). The Attorney General is required to detain aliens during this 90 day removal period, 8 U.S.C. § 1231(a)(2), and under the United States Supreme Court's holding in *Zadvydas v. Davis*, 533 U.S. 678 (2001), detention for an additional three months is presumed to be reasonable. After this six months has expired, an alien challenging his detention is required to demonstrate that no significant likelihood of removal in the reasonably foreseeable future exists. *Zadvydas*, 533 U.S. at 697-702.

In this case, the presumptively reasonable removal period established in *Zadydas* has not yet expired. Although an immigration judge initially ordered Nelson removed on February 8, 2005, Nelson appealed this order and obtained a stay and remand from the BIA. On remand, an immigration again found Nelson removable, and on January 6, 2006, the removal order became administratively final when the BIA affirmed the second immigration judge's decision. The presumptively reasonable six-month detention period does not expire until June 6, 2006. *See* 8 U.S.C. § 1231(a)(1)(B).

Therefore, it is recommended, to the extent that the petitioner seeks release from detention under *Zadvydas v. Davis*, that his Petition for Writ of *Habeas Corpus* under 28 U.S.C. § 2241 be **DENIED, and this matter Dismissed Without Prejudice as Premature.**

It is further recommended, **to the extent petitioner seeks review of the ruling on his status or of the removal order itself**, that his petition be **Dismissed Without Prejudice for Lack of Subject-matter Jurisdiction.**

Under the provisions of 28 U.S.C. §636(b)(1)(C) and FRCP Rule 72(b), the parties have **ten (10) business days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **ten (10) business days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Monroe, Louisiana, this 17th day of April, 2006.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE